UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SABAL PALMS CONDOMINIUM
ASSOCIATION,

     Plaintiff,

v.                                                          Case No:   6:19-cv-1029-Orl-37TBS

BLACKBOARD SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

Before the Court is Defendant's response to the Court's Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction (Docs.13, 20). For the reasons set forth herein, it is **respectfully recommended** that the case be remanded.

### Background

On June 3, 2019, Defendant invoked the Court's diversity jurisdiction to remove this state court insurance dispute (Doc. 1). Plaintiff filed its Amended Complaint on June 7, 2019 (Doc. 11). The Complaint and Amended Complaint both identify Plaintiff as Sabal **Palms** Condominium Association, with Plaintiff alleging: "Plaintiff resides in Brevard County, Florida, and is otherwise sui juris." (Doc. 10, ¶ 3). In its Notice of Removal, Defendant represented that; "Plaintiff is a Florida Not For Profit Corporation conducting business in the State of Florida with its principal place of business located at 7100 W. Commercial Boulevard, Suite 106, Lauderhill, FL 33319." (Doc. 1 at 6). As evidence of this representation, Defendant attached a printout from the Florida Department of State Division of Corporations for the entity "Sabal **Palm** Condominium Association, **Inc.**" at the

Lauderhill address (Doc. 1-6). The Insurance Policy in question identifies the named insured as "Sabal Palm Condominium Association, Inc." with a mailing address of Cape Canaveral, Florida (Doc. 9-1, p. 3). Due to these discrepancies, I concluded that Defendant had made an inadequate showing of diversity and issued an Order to Show Cause on June 10, 2019 (Doc. 13).

On June 21, 2019, Defendant filed an Unopposed Motion for Enlargement of Time to Answer or Otherwise Respond to Amended Complaint (Doc. 16). It asked for a brief extension "in order to allow the jurisdictional issue [to] be clarified." (Id., at 3). Interpreting this as a motion for extension of time in which to file a response to the Order to Show Cause, I granted the motion and gave Defendant until July 5, 2019 in which to respond to the show cause Order (Doc. 17). The Order granting the extension cautioned that "**Failure to timely respond and establish jurisdiction may result in dismissal of the action, without further notice**." (Id., emphasis original). On July 5, 2019, Defendant filed its Response to the show cause Order (Doc. 20) and its Answer and Affirmative Defenses (Doc. 21).

### Discussion

Removal to federal court is governed by 28 U.S.C. § 1441(a), which states in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of

remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. See Owen Equip. and Recreation Co. v. Kroger, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).

For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192- 93, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

A limited liability company is "a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "[U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086 (11th Cir. 2010).

Here, I advised Defendant that its showing as to the citizenship of the parties was deficient because Lauderhill is not in Brevard County, the name on the Policy and the name on the complaints differ, and it was not clear if the corporate entity Sabal Palm Condominium Association, Inc. is the same entity as the Plaintiff, or if the Plaintiff is even an incorporated entity (Doc. 13). Defendant asked for and received additional time to address these matters. Now, it says in response:

> Defendant is a Delaware corporation with a statutory home office in Delaware and a principal place of business in New York. Additionally, Plaintiff, by its own admission states: "Plaintiff resides in Brevard County, Florida" **in both its original complaint and in its Amended Complaint** [ECF Nos. 1-1 and 11 at ¶3]. Further, the property at the heart of the instant action is located at 8150 Rosalind Avenue, Cape Canaveral, FL 32920 ("Property"). Said Property by which Plaintiff asserts it maintains an insurable interest in is located in Brevard County. The allegations in Plaintiff's Amended Complaint mirror this fact, which Defendant insured under policy number AAHS1000012799 [ECF No. 10 at ¶¶4-5]. Should this Court find Plaintiff's entity, as a party, at issue based on the discrepancy between the entity listed on the Policy and the name Plaintiff brings suit under, Defendant respectfully requests this Court to allow for further discovery to shed light on the complete details of Plaintiff's entity. Nonetheless, it is clear that there is subject matter jurisdiction based on diversity among the parties based on the undisputed amount in controversy, Plaintiff's own admissions and representations in Court filings and to this Honorable Court that it is an entity residing in Brevard County, Florida and its property alleged damaged for which suit is based on is located in Brevard County, Florida. From the date of this Court's Show Cause Order, June 10, 2019, through today, Plaintiff has not filed any document with this Court, disputed any fact in this Response, or provided to undersigned counsel any information that would impede or destroy diversity jurisdiction, despite our requests for same. Based on the undisputed information in our possession, diversity jurisdiction exists.

(Doc. 20 at 3-4; emphasis original).

As the party invoking federal jurisdiction, the burden is on Defendant to establish

diversity as of the date of removal. <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 751 (11th Cir. 2010). Defendant's burden is to prove by a preponderance of that evidence that federal jurisdiction exists through the presentation of facts establishing its right to remove. <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. <u>Williams,</u> 269 F.3d at 1321. Defendant's response fails to provide any evidence or, indeed, any new information sufficient to establish the Court's jurisdiction. Defendant has not told the Court what kind of entity Plaintiff is and absent that critical fact, the Court cannot determine whether jurisdiction exists.

Defendant seems to argue that whatever type of entity Plaintiff is, it is a "resident" of Florida. This is not sufficient because the concept of residency does not apply in this context. Assuming Plaintiff is a corporation, its citizenship depends on its state of incorporation and principal place of business. To the extent Plaintiff is an LLC, it is a citizen of any state of which a member of the company is a citizen. If it is something other than an LLC or corporation then Plaintiff has no independent citizenship and the Court looks to the citizenship of each member. <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, <u>supra</u>. Defendant has presented no information as to what this entity is and, if it is unincorporated, who the members are.

Even if Defendant had established that Plaintiff was unincorporated and that all of its members are residents of Florida, residency is not the same thing as citizenship. <u>See</u> <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490

U.S. 30, 48 (1989); see also McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (domicile requires both residence in a state and "an intention to remain there indefinitely...." Id. at 1258) (internal quotation marks omitted). The showing here is inadequate to establish the citizenship of the Plaintiff.

Defendant also has the burden to establish that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's Complaint does not seek a specific amount of damages. While Defendant has tendered at least some information to establish that more likely than not the sum in controversy meets the jurisdictional threshold, the absence of adequate citizenship allegations or evidence defeats jurisdiction.

Although Defendant maintains it is "clear" that there is subject matter jurisdiction, it hedges its bet by incorporating a request that the Court "allow for further discovery to shed light on the complete details of Plaintiff's entity" (Doc. 20 at 3). While the Court may wish to consider this request, I am not inclined to recommend it. Defendant does not bother to mention that on June 24, 2019, prior to Defendant's filing of its response, Plaintiff filed a Certificate of Interested Persons which lists "Sabal Palms Condominium Association" and identifies a dozen of its "members." (Doc. 19). So, it appears that Plaintiff is an unincorporated association and Defendant could have discovered this with the slightest application of diligence. Given this disclosure and the fact that Defendant has already received an extension based on an expressed desire to clarify the jurisdictional issue, its inexplicable failure to provide a more substantive response to the show cause Order warrants remand.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the case be remanded to the state court from whence it came due to an absence of jurisdiction.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 8, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties